Stella **ALBRECHT**, Plaintiff and
Respondent,

v.

Christian **ALBRECHT**, Defendant and
Appellant.

No. 7956.

Supreme Court of North Dakota.

Feb. 8, 1963.

Rehearing Denied March 15, 1963.

W. A. Jacobsen, Watford City, and Paul L. Agneberg, Cando, for defendant and appellant.

Duffy & Haugland, Devils Lake, and John B. Hart, Rolla, for plaintiff and respondent.

STRUTZ, Judge (on reassignment).

The parties to this action have been before this court on two previous occasions. The first appeal was from a judgment for the wife granting her an absolute decree of divorce and making provision for the support and maintenance of the wife and the minor children. On that appeal, this court held that the evidence established recrimination, barring the wife's cause of action for divorce. This court further held that, although the wife's prayer for divorce could not be granted, the court could provide for her maintenance and for the support and maintenance of the minor children of the parties. Albrecht v. Albrecht (N. D.), 92 N.W.2d 726

The judgment entered upon remittitur on the first appeal provided, among other things, that the husband pay to the wife, for her support and for the support of the minor children, the sum of twenty dollars a week, commencing August 1, 1956, and continuing until further order of the court.

The judgment also provided for the appointment of a receiver for the purpose of collecting certain moneys which were due on a fire-insurance policy on a home owned by the husband, who, with a son by a former marriage, had been living in such home at the time it was destroyed. This judgment was appealed to this court, and we directed that such judgment be amended by striking out the date August 1, 1956, and inserting in lieu thereof "January 14, 1959," the date of the new judgment, for making such support payments. On the second appeal, this court held that the law exempting from legal process, levy, or sale certain property, including the "homestead," as defined by law, did not bar the trial court from requiring that support payments for the wife and the minor children, as imposed by the court, be paid from proceeds received from insurance paid on the homestead of the head of the family. This court further held that, where separate maintenance had been ordered for the wife and the children by the trial court, and where the facts warranted such action, the trial court could appoint a receiver of the husband's property to act under the direction of the court in making its decree effective. Albrecht v. Albrecht (N.D.), 99 N.W.2d 229.

After the Supreme Court had handed down its decision on the second appeal, the husband commenced a new action for divorce in the district court of Ward County. The wife thereupon demanded a change of venue and filed her answer and counterclaim for a divorce. In her counterclaim, the wife prayed that she be granted support money for herself and for the minor children. By stipulation of the parties, the venue of this action thereafter was changed to the district court of Rolette County, the county of the wife's residence and the county in which the previous action, which twice had been appealed to this court, had been tried. Subsequently, the husband withdrew his complaint and permitted the wife to secure a divorce on her counterclaim in the district court of Rolette County, the Honorable Douglas B. Heen presiding.

Judgment granting the wife a divorce was entered on August 26, 1959. At the hearing in the divorce action, the attorneys for the wife requested that the trial court take judicial notice of the judgments and orders previously entered in the litigation between the parties, including the provisions for support payments. The court, however, found that the wife was better able to care for herself and her children than was the husband, and made no provision for her support or for the support of the minor children.

Subsequent to the entry of judgment granting the wife a divorce, the Honorable Albert Lundberg, over objection of the husband, made on the ground that Judge Lundberg had no further jurisdiction in the original action, issued an order terminating the receivership in such proceedings. The husband now appeals to this court from such order, contending that the judgment of divorce in the district court of Judge Heen was a full, complete, and final determination of all matters at issue between the parties, and that therefore nothing remained for Judge Lundberg to determine.

■ There can be no question but that the judgment and orders in the previous litigation, which provided for separate maintenance and support for the wife and children, were valid when made. Therefore, the order providing for the appointment of a receiver was valid. Surely it cannot now be successfully argued that Judge Lundberg's jurisdiction had terminated and that he could not make an order closing the receivership.

■■ We believe that when the wife recovered her judgment of divorce on her counterclaim, in the action commenced by the husband, all prior orders for support and maintenance were terminated by such judgment. The orders and judgment in the first action sought to enforce the obligations and duties of the husband arising out of the marriage relationship. The judgment in the second action annulled and terminated the marriage relationship, and the order and judgment requiring the husband to make certain payments for the support of the family terminated with the entry of the divorce judgment. In other words, the decree in the divorce action was conclusive in the subsequent proceedings between the parties, as to all facts directly at issue therein. 27A C.J.S. Divorce § 174(3), p. 734.

■■ The receivership still was in force, however, and Judge Lundberg clearly had authority to enter an order closing the receivership. In terminating the receivership, however, Judge Lundberg could not require the husband to pay any sums in excess of what were due on the judgment in the first action at the time the judgment was entered in the second action. The judgment in the case before Judge Lundberg had been for support and maintenance. It was terminated by the final judgment and decree of divorce in the action tried before Judge Heen. Since support payments and costs were provided for in a separate action from the one in which the divorce finally was granted, such payments as were due under the judgment in the first action, at the time of entry of the divorce judgment, could be ordered to be paid when the receivership was closed by Judge Lundberg. The fact that an order by Judge Lundberg requiring support payments was in force did not deprive the court of Judge Heen of jurisdiction in the divorce proceedings. Main v. Main, 180 Iowa 616, 163 N.W. 364.

The effect of the judgment of divorce was to fix the date on and after which no further payments were due under the support judgment. It did not, however, affect the liability of the husband for the amount due as support payments at the time the divorce judgment was entered.

The Supreme Court of Georgia had before it a somewhat similar situation in the case of Fauver v. Hemperly, 178 Ga. 424, 173 S.E. 82. In that case, the wife filed

suit for divorce in Georgia, and the court ordered the payment of temporary support money. Before such action came on for trial, the wife moved her residence to another State where she subsequently obtained a divorce. When the wife thereafter attempted to collect support payments under the Georgia order, the court held that, although her removal from Georgia resulted in abandonment of her suit in that State, this did not prevent her from recovering the temporary support money for the period until she had abandoned her suit.

In Cotton v. Wright, 193 La. 520, 190 So. 665, the Louisiana Supreme Court had before it a case where the wife had sued for separate maintenance and the trial court had ordered payment of certain sums pendente lite. This order was affirmed on appeal. Thereafter, the husband obtained a divorce in a separate action on ground of two years' separation, a ground for divorce under the Louisiana statute. The court held that the wife was entitled to alimony payments to the time of entry of the divorce judgment.

While there is authority holding that an order granting support for the wife and children is superseded and becomes merged in a final judgment of divorce (Richardson v. Richardson, 218 Minn. 42, 15 N.W.2d 127, 154 A.L.R. 526), courts which adopt this view do so in cases where the support payments had been ordered in earlier proceedings in the same action. In the case here under consideration, the judgment for support ordered by Judge Lundberg was entered in one action and the divorce judgment was entered in a subsequent and separate proceeding.

Since the sum due the plaintiff under the prior judgment, to the date of entry of the divorce decree, was greater than the amount in the hands of the receiver, the order of the trial court is affirmed.

MORRIS, C. J., and STRUTZ, BURKE and TEIGEN, JJ., concur.

ERICKSTAD, J., not being a member of the Court at the time of submission of this case, did not participate.