Floyd LENDE, Plaintiff and Appellant,

v.

Andrew WIEDMEIER, Lorraine Wiedmeier, Joseph Scherr, and Diane Scherr, Defendants and Respondents.

Civ. No. 8611.

Supreme Court of North Dakota.

Sept. 21, 1970.

John T. Paulson, Valley City, for plaintiff and appellant.

Sproul, Fitzner, Lenaburg & Fitzner, Valley City, for defendants and respondents.

STRUTZ, Judge.

This is an appeal from a summary judgment entered in this action on motion of the defendant. The facts of the case are relatively simple, and are as follows:

—The appellant and his wife (who is not a party to the present action) executed a mortgage to the defendants Wiedmeier on September 21, 1960. The mortgage was given on 10.4 acres, more or less, of land described therein by metes and bounds.

—In May 1964, the mortgagees commenced foreclosure of such mortgage for nonpayment of the sums secured thereby. The mortgagors filed their answer in the foreclosure proceeding, but thereafter permitted judgment of foreclosure to be entered by default. Notice of entry of such judgment was served upon the attorney for the mortgagors on December 18, 1964. No appeal was taken from such judgment.

—Following the entry of judgment of foreclosure, sheriff's sale of the premises was held on January 19, 1965, and the property was bid in by the mortgagees. The period of redemption from such foreclosure sale expired, and thereafter the property was sold by the purchasers to the defendants Scherr. Shortly after such sale to the defendants Scherr, and more than three years after the service of notice of entry of judgment upon the mortgagors in the foreclosure action, the plaintiff, one of the mortgagors, commenced this action to modify the description of the property as given in the mortgage and for a modification of the judgment accordingly. The defendants moved for summary judgment on the pleadings, and their motion, after hearing, was granted by the trial court. From summary judgment so entered, the plaintiff appeals to this court.

Rule 56, North Dakota Rules of Civil Procedure, provides for summary judgment. It gives a party against whom a claim is asserted the right to move, at any time, with or without supporting affidavits, for a summary judgment in his favor. This rule further provides that summary judgment shall be rendered—

"* * * if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. * * *" Rule 56(c), N.D.R.Civ.P.

The sole question before us on this appeal is whether there was an issue of fact in this action. If there was, then summary judgment should not have been granted, regardless of the merits of the action. Temme v. Traxel, 102 N.W.2d 1 (N.D. 1960); Mondy v. Gjesdal, 123 N.W.2d 33 (N.D.1963); Wolff v. Light, 156 N.W.2d 175 (N.D.1968).

Judgment of foreclosure was entered in the foreclosure case in December of 1964. No appeal was taken by Lende, who was a party to the foreclosure action and who is the plaintiff in this action, and the judgment of foreclosure became final.

█ Generally, a judgment may not be collaterally attacked by a party to the action in which it is entered. Hull v. Rolfsrud, 65 N.W.2d 94 (N.D.1954). The only exception to this rule is in cases where the court lacks jurisdiction to enter such judgment and where the lack of jurisdiction is obvious from the record. This court, in Jensen v. Schwartz, 90 N.W.2d 716 (N.D. 1958), held that a judgment entered by a court of general jurisdiction, having jurisdiction of the parties and of the subject-matter, imports absolute verity. So long as it stands, it may not be attacked collaterally. In that case, we also said:

"An attack on the former judgment in a subsequent action constitutes a collateral attack upon such prior judgment of the court. Such attack is ineffective unless the record of the original action shows the court had no jurisdiction." Syllabus, par. 2.

We believe that these principles are applicable to the relevant facts established in the case before us. Judgment was entered in the foreclosure action after the defendants in that action, one of whom is the plaintiff here, had answered and thereafter had permitted judgment to be entered against them by default. No issue or question of jurisdiction of the court to enter the judgment in the original action has been raised in this case. The facts show that notice of entry of the original judgment was served upon the defendants, including the plaintiff here, and that no appeal was taken from that judgment, and it became final. The land was sold under the provisions of that judgment. Two years thereafter, the land was sold by the purchasers at the foreclosure sale to the defendants Scherr. Now, after the foregoing has transpired, one of the defendants in the foreclosure action brings this action to have corrected the land description, as stated in the mortgage and as set forth in the foreclosure judgment. The plaintiff makes no claim and has offered no evidence that the court in the prior action lacked jurisdiction of the parties and of the subject-matter of the action.

Rule 60, North Dakota Rules of Civil Procedure, provides for relief from a judgment entered against a party, for reasons set forth, which include:

"* * * (1) Mistake, inadvertence, surprise, or excusable neglect; * * *." Rule 60(b), N.D.R.Civ.P.

█ A motion to set aside a judgment for any of the above-mentioned reasons must be made within a reasonable time, which shall be not more than one year after entry of such judgment. Thus none of these reasons now are available to the plaintiff in his attempt to avoid the 1965 judgment. The rule then goes on to state that

its provisions do not limit the power of a court to entertain an independent action to relieve a party from a judgment, who was not actually, personally served or notified, as provided by the rules, or to set aside a judgment for fraud upon the court. The plaintiff cannot claim to come within this provision of Rule 60, however, since he was personally served in the foreclosure action and, in fact, filed his answer in such action, and since he makes no allegation of fraud.

■ Under the facts and circumstances of this case as disclosed by the record, the judgment on the merits in the foreclosure action was conclusive as to the plaintiff's rights. Cokins v. Frandsen, 136 N.W.2d 377 (N.D.1965).

The issue of mistake in the description of the land should have been raised and determined in the original foreclosure action. To hold otherwise would permit parties to allow a judgment in one action, in which the court has jurisdiction, to become final, and then permit them to raise issues, which they properly should have raised in the original action, in a subsequent collateral lawsuit. This clearly may not be done.

■ The plaintiff's failure to set up any defense or partial defense which he might have had in the original, or foreclosure, action, in which the court had jurisdiction, will bar the assertion of such defense or partial defense in a subsequent suit. 46 Am.Jur.2d Judgments, Sec. 434, at 601.

We find that there is no issue of fact to be determined in this action. For reasons stated herein, the summary judgment is affirmed.

TEIGEN, C. J., ERICKSTAD, and KNUDSON, JJ., and C. F. KELSCH, District Judge.

Paulson, J., deeming himself disqualified did not participate; C. F. Kelsch, District Judge of the Sixth Judicial District, sitting in his stead.