Martha BETTGER, Plaintiff/Appellee,

v.

Evener BETTGER, Defendant/Appellant.

Civ. No. 9589.

Supreme Court of North Dakota.

June 18, 1979.

Christensen & Thompson, Bismarck, for plaintiff and appellee; argued by Carma Christensen, Bismarck.

Lundberg, Conmy, Nodland, Rosenberg, Lucas & Schulz, Bismarck, for defendant and appellant; argued by Max D. Rosenberg, Bismarck.

PAULSON, Justice.

This is an appeal by Evener Bettger ["Evener"] from an order of the Burleigh County District Court denying his motion to vacate a default judgment.

Martha Bettger ["Martha"] commenced an action on July 6, 1978, for an absolute divorce, in which she requested an equitable division of the personal property between the parties, alimony payments, attorney fees, and the costs of the action. A second cause of action, in addition to the divorce action, is alleged in the complaint, requesting a money judgment for moneys expended, costs, and disbursements. In addition, there was an interim order for support issued by the trial court on July 10, 1978. The summons and complaint, interim support order, and other supportive pleadings, were personally served upon Evener on July 12, 1978. On July 18, Evener consulted Attorney William R. Mills concerning the actions against him and he left the suit papers with Mills. Mr. Mills advised Evener that a $500 retainer fee would be required before Mills would represent him. Subsequently, Mr. Mills had a conversation with Attorney Carma Christensen, who represented Martha, in which Mills indicated that Evener had contacted him but that Mills had told Evener he would not represent him unless a retainer fee of $500 was paid to him. Martha's attorney inquired of Mills whether or not their conversation constituted an appearance and Mills replied in the negative. The retainer fee was not paid to Attorney Mills by Evener until November 3, 1978.

The divorce action was submitted as a default matter because neither a motion, an answer, nor other responsive pleading had been interposed on a timely basis.

The district court granted Martha an absolute divorce, awarded her alimony in the sum of $125 per month until her remarriage, divided the personal property of Martha and Evener between them, and awarded attorney fees and expenses to Martha. The default judgment was entered on October 4, 1978; and on October 6, 1978, the notice of entry of judgment, together with a copy of the judgment, was personally served upon Evener. Evener, on or about the 11th of October, 1978, contacted Attorney Mills with reference to the notice of entry of judgment and the copy of the judgment which had been served upon him. Attorney Mills again indicated that his retainer fee would necessarily have to be paid before he would represent Evener. On November 3, 1978, Evener paid the retainer fee to Mr. Mills. Evener's attorney, on or about November 8, 1978, prepared a notice of motion and motion, and attached thereto an affidavit, together with an answer and counterclaim, which were served by mail upon Martha's attorney. A return in opposition to the motion, together with an attached affidavit, was filed and served upon Evener's attorney. On November 16, 1978, a hearing on the motion was held before the district judge. Neither Mills nor Bettger appeared at the hearing. Immediately following the hearing, an order was issued denying the motion to vacate the judgment. The order stated in pertinent part:

"A motion to vacate the Judgment in this matter having been brought to this Court pursuant to Rule 60(b), and no good reason having been shown why the defendant failed to understand the advise [*sic*] of Mr. Mills, and the defendant having failed to show any reason to implement the provisions of 60(b).

"THE MOTION TO VACATE IS HEREBY DENIED, and Plaintiff is granted attorney fees on the motion in the sum of $75.00."

Evener filed a timely appeal from the court's order dated November 16, 1978. We affirm.

The issue before this court is:

Was the district court's order denying the motion to vacate the judgment, under Rule 60(b), N.D.R.Civ.P., an abuse of discretion?

■■■ Evener urges that the district court committed error on several grounds in denying the motion to vacate the judgment. Evener first contends that he was denied a trial of the case on the merits because of a lack of communication between Mr. Mills and himself. Evener further contends that he did not understand that it was necessary for him to pay Mr. Mills a retainer fee prior to Mr. Mills's interposing an answer on his behalf to Martha's divorce action; and that it was Mr. Mills's obligation and duty to notify Evener, prior to the expiration of the time for answering the complaint, that Evener should either pay the retainer fee to Mr. Mills or that the relationship of attorney-client would be terminated. Therefore, Evener contends that he should not be penalized for the error of his attorney, and cites *King v. Montz,* 219 N.W.2d 836, 839–840 (N.D.1974), in support of his assertions. *King* is distinguishable on its facts. Evener also cites Rule 60(b) of the North Dakota Rules of Civil Procedure, which provides:

"RULE 60–RELIEF FROM JUDGMENT OR ORDER

"*(b) Mistakes—Inadvertence—Excusable neglect—Newly discovered evidence—Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. . . ."

Evener further urges that this court, as well as Supreme Courts in other States, has liberally construed Rule 60(b), N.D.R.Civ.P., or its equivalent, in order to relieve a party from default for failing to submit an answer within the time limits prescribed by the applicable Rule of Civil Procedure. A number of Supreme Courts in other jurisdictions have held that their equivalent Rule 60(b) is remedial in nature and should be liberally construed and applied. The Supreme Court of North Dakota has adopted the same rationale. *Perdue v. Sherman,* 246 N.W.2d 491 (N.D.1976); *King, supra;* and *Sioux Falls Construction Co. v. Dakota Flooring,* 109 N.W.2d 244 (N.D.1961). However, this court has also held that where a judgment of divorce has been regularly entered, it is largely within the discretion of the trial court to say whether or not the defendant shall be permitted to come in afterwards and make his defense and, unless an abuse of discretion be made to appear, this court will not interfere. *Kinsella v. Kinsella,* 181 N.W.2d 764 (N.D.1970); *Gajewski v. Bratcher,* 240 N.W.2d 871 (N.D. 1976); and *King, supra.* This court also held, in *Gajewski, supra* 240 N.W.2d at 874, in paragraph 4 of the syllabus:

"4. In reviewing a decision of the district court to grant relief from a judgment pursuant to Rule 60(b), N.D.R. Civ.P., the function of the Supreme Court is to determine whether or not the district court abused its discretion in setting aside the judgment or order being challenged."

Thus, the test to be employed by this court is whether or not the district court abused its discretion in setting aside the order being challenged. Further, in *Gajewski, supra* 240 N.W.2d at 874, this court held, in paragraph 5 of the syllabus:

"5. A judgment on the merits of a dispute, once rendered by this Court on appeal, after becoming final, should be set aside under Rule 60(b), N.D.R.Civ.P., only in exceptional circumstances where the application of equitable principles demands that such an extraordinary remedy be used to prevent an injustice from occurring."

A review of the record reveals that Evener and Mr. Mills were both aware of the time limits set forth in the summons dated July 6, 1978, and in the interim order dated July 10, 1978. Evener ignored the 5-day limitation set forth in the interim order by failing to pay temporary alimony under such order. Evener has neither paid permanent alimony, nor has he paid attorney fees or costs awarded by the court under the judgment. Furthermore, Evener had made no attempt of any kind to interpose a defense from the date of the service of the papers on July 12, 1978 (other than his initial consultation with Mr. Mills until after the notice of entry of judgment and a copy of the judgment were served upon him on October 6, 1978).

For the purpose of this appeal, Evener has retained other counsel who has cited Rule 55, N.D.R.Civ.P., in support of the contention that Attorney Mills had made an appearance in the action prior to the entry of the default judgment. Rule 55(a)(3), N.D.R.Civ.P., provides, in pertinent part:

### "RULE 55—DEFAULT

*"(a) Entry.* When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear and the fact is made to appear by affidavit or otherwise, the court may direct the clerk to enter an appropriate judgment by default in favor of the plaintiff and against the defendant as follows:

. . . . .

(3) . . . If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least eight days prior to the hearing on such application."

■ Counsel cites *Perdue, supra,* in support of his contention. *Perdue* is clearly distinguishable on its facts and is not applicable in this case. We recognize that new counsel represents Evener on appeal. In *Rummel v. Rummel,* 265 N.W.2d 230, 232 (N.D.1978), we stated:

". . . in the absence of unusual circumstances, new counsel on appeal is limited to the same issues that prior counsel would have been able to raise. Merely becoming a successor to prior counsel does not give him the right to raise issues on appeal which prior counsel could not have raised. The issues and the positions of the respective parties remain the same.

" 'It is not our function to seek out error, which the trial court was not given an opportunity to rectify, or to remake the record for review, or to allow second guesses on trial strategy.' *Waletzko v. Herdegen,* 226 N.W.2d 648, 653 (N.D.1975); *Welken v. Conley,* 252 N.W.2d 311, 317 (N.D.1976).

Neither, on appeal, should we allow the introduction of new issues not presented to the trial court."

Furthermore, an issue presented for the first time, such as on a motion to vacate a judgment under Rule 60(b)(1), N.D.R.Civ.P., is generally too late to be seriously considered to make a new rule of law or to refine an existing rule. *City of Wahpeton v. Drake-Henne, Inc.,* 228 N.W.2d 324 (N.D. 1975); *Schnell v. Schnell,* 252 N.W.2d 14 (N.D.1977); and *Rummel, supra.*

■ In *King, supra,* 219 N.W.2d 836, this court held, in paragraphs 5 and 6 of the syllabus:

"5. In situations such as those disclosed in this case, where the defendant personally has not been negligent in the protection of his interests, the courts have been reluctant to attribute to him the errors of his legal representatives.

"6. Where a defendant with reasonable promptness delivers the summons and complaint to its insurer which by contract is obligated to defend the suit, the negligence of the insurer in failing to defend is not to be imputed to the defendant so as to bar the opening of a default judgment where, in the exercise of a sound judicial discretion, it appears that defendant after receiving notice acted with dili-

gence, has a defense on the merits,[1] and where, as here, no substantial prejudice will result to the plaintiff."

In *Bettger*, Evener, other than bringing the suit papers to Attorney Mills, ignored the directives set forth in the summons and complaint and in the interim order, although he was fully aware, after his initial consultation with Attorney Mills, of the legal problems and obligations with which he would be confronted should he default. Evener was also fully aware that the payment of the retainer fee to Mills was a condition precedent to Attorney Mills's representing him, which is evidenced by Evener's finally paying the retainer fee of $500 on November 3, 1978, the first time that he had actively engaged Mr. Mills as his attorney.

In addition, the limited conversation between Carma Christensen, attorney for Martha, and Attorney Mills further verifies the fact that Evener failed to comply with the court's order and judgment.

Evener also asserts that he is entitled to have the default judgment vacated, by stressing Rule 60(b), N.D.R.Civ.P. He contends that the trial court abused its discretion in failing to grant the motion under Rule 60(b)(1) and that Rule 60(b)(6) provides for relief and applies where there is "any other reason justifying relief from the operation of the judgment". Rule 60(b), N.D.R.Civ.P., was considered in *Zundel v. Zundel*, 146 N.W.2d 896 (N.D.1966), in which the court held, in paragraph 1 of the syllabus:

> "1. An application to vacate a judgment is addressed to the trial court's sound discretion, the exercise of which will not be disturbed on appeal except for abuse."

However, the broad language of Rule 60(b)(6), N.D.R.Civ.P., gives the court ample power to vacate an order whenever such action is appropriate to accomplish justice. *Kinsella v. Kinsella*, 181 N.W.2d 764 (N.D. 1970). This court granted the movant's relief in *Kinsella* but its facts are distinguishable from those in the case at bar.

In *Hefty v. Aldrich*, 220 N.W.2d 840, 846 (N.D.1974), we said that Rule 60(b)(6), N.D. R.Civ.P., could be used where the grounds for vacating a judgment or order were within any of the subdivisions of (1) through (5), but that something more extraordinary justifying relief from the operation of the judgment or order must be present, if subsection (6) alone is relied upon. As stated in *Small v. Burleigh County*, 239 N.W.2d 823, 828 (N.D.1976), citing *City of Wahpeton v. Drake-Henne, Inc.*, 228 N.W.2d 324 (N.D.1975), "we find nothing sufficiently extraordinary to justify vacating the judgment".

We conclude that Evener is not entitled to any relief under Rule 60(b)(1), N.D.R. Civ.P., nor is he entitled to relief under Rule 60(b)(6), N.D.R.Civ.P. *Small v. Burleigh County*, 239 N.W.2d 823 (N.D.1976); and *Hefty v. Aldrich*, 220 N.W.2d 840 (N.D. 1974). We conclude that the trial court did not abuse its discretion in denying the motion to vacate the judgment.

The order of the trial court is affirmed.

ERICKSTAD, C. J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.

---

1. We note that neither the trial court nor this court has been presented with an affidavit of merits of Evener's defense of the suit for divorce. One of the standards upon which relief from a default should be granted is that there be a meritorious defense. *See King, supra* at ¶ 6 of the syllabus.