Julius MULLINS, et al.,
Plaintiffs-Appellees,

v.

NICKEL PLATE MINING COMPANY,
INC., et al., Defendants-Appellants.

No. 82–7109
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 12, 1982.

George R. Stuart, III, Birmingham, Ala., for defendants-appellants.

William E. Mitch, Earl V. Brown, Jr., Birmingham, Ala., for plaintiffs-appellees.

Before GODBOLD, Chief Judge, FAY and CLARK, Circuit Judges.

GODBOLD, Chief Judge:

This is an appeal from a district court order that retroactively certified a partial summary judgment as a final judgment pursuant to Fed.R.Civ.P. 54(b). We vacate

7. In light of our decision, we refrain from needlessly discussing the other points of error which Simpson raises.

the district court's order to the extent it purports to be retroactive.

## I.

Appellees, trustees of the United Mine Workers of America Health and Retirement Funds, brought suit against Appellant Nickel Plate Mining Company[1] in the Northern District of Alabama. Jurisdiction was based on § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1976) and § 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. § 1132 (1976).

The complaint alleged that Nickel Plate and the United Mine Workers of America (UMW) entered into the National Bituminous Coal Wage Agreement of 1974 and the National Bituminous Coal Wage Agreement of 1978. Under the agreements Nickel Plate was obligated to make monthly contributions to the UMW Health and Retirement Funds. The trustees, asserting that Nickel Plate breached both agreements, sought injunctive relief, damages and attorney's fees.

Following a series of procedural maneuvers, the parties reached a settlement. Nickel Plate executed a promissory note. The district court acting on its own motion dismissed the action. Within three months of the dismissal trustees petitioned for reinstatement of the action and for leave to amend their complaint. The district court granted both motions. The amended complaint alleged Nickel Plate had breached its obligations under the promissory note.

The trustees moved for partial summary judgment based on breach of the promissory note, and on October 23, 1981 the district court granted the partial summary judgment. The court entered an order stating:

### ORDER GRANTING PARTIAL SUMMARY JUDGMENT

In accordance with the Memorandum of Decision this day entered, it is hereby

ORDERED, ADJUDGED and DECREED that plaintiffs have and recover of defendants Nickel Plate Mining Company, Inc. and Lake Mining Company, Inc. the sum of Five Hundred Twenty Thousand Thirty-Seven and 44/100 Dollars ($520,037.44), for which let execution issue.

The trustees filed an affidavit requesting that a writ of garnishment be served upon Birmingham Trust National Bank. The writ was issued and notice was given to Nickel Plate. Within ten days Nickel Plate filed a separate action for wrongful garnishment which was subsequently merged into the instant action as a counterclaim.

The trustees later moved for the certification of the October 23 partial summary judgment as a final judgment pursuant to Fed.R.Civ.P. 54(b). On March 4, 1982 the district court granted the motion and amended the October 23 judgment. The amended judgment states:

In accordance with the Memorandum of Decision entered October 23, 1981, and the Memorandum of Decision this day entered, it is hereby ORDERED, ADJUDGED and DECREED that the judgment entered herein October 23, 1981, is amended to read as follows:

'It is hereby ORDERED, ADJUDGED and DECREED that plaintiffs have and recover of defendants Nickel Plate Mining Company, Inc. and Lake Mining Company, Inc. the sum of Five Hundred Twenty Thousand Thirty-Seven and 44/100 Dollars ($520,037.44). The court expressly determines that there is no just reason for delay in the entry of a final judgment for the aforesaid amount. This judgment is ordered entered as a final judgment under FRCP 54(b). *Execution on this judgment and proceedings to enforce this judgment may be taken at any time after the expiration of 10 days from October 23, 1981.*'

Done this 4th day of March, 1982. (emphasis added).

---

1. The appellant will be referred to in the singular although there are two appellants: Nickel Plate Mining Company, Inc. and Lake Mining Company, Inc. Originally, a separate suit was filed against Lake Mining. Since Lake Mining was wholly owned by Nickel Plate the cases were consolidated in the interest of judicial economy.

In support of its decision the district court stated:

> Because of the difficulty plaintiffs had encountered as reflected by the history of this litigation, it was the intention of the court to make the partial summary judgment a final judgment for purposes of collection. Consequently the court caused the judgment itself to be set forth on a separate sheet of paper as contemplated by FRCP 54(a) and expressly stated that execution could issue to collect the judgment. The court failed, however, to make the determinations and directions contemplated by FRCP 54(b) although it was the court's intention so to do.
>
> . . . .
>
> Accordingly, under FRCP 60(a) the October 23, 1981 order granting summary judgment will be amended to reflect the court's true intention and that amendment will be by separate order.

## II.

■ Rule 54(b) provides that in actions involving multiple claims for relief an order that finally disposes of one or more but fewer than all the claims does not terminate the action in the district court. Such an order is subject to revision at any time prior to entry of a final decision unless the district court: (1) expressly determines that there is no just reason for delay; and (2) expressly directs the entry of judgment. In the absence of a certification by the district court that meets both of these requirements a determination as to some but not all claims does not qualify as a final judgment and is ordinarily an unappealable interlocutory order. *Huckeby v. Frozen Food Express,* 555 F.2d 542 (5th Cir. 1977); *B. B. Adams General Contractors, Inc. v. Depart-*

*ment of Housing and Urban Development,* 501 F.2d 176 (5th Cir. 1974).[2]

> Rule 54(b) envisions that adjudication as to some but not all claims in a multiple-claim suit are to be final and appealable only upon an exercise of the district court's discretion; the requirement that the district court make an explicit entry of judgment and certification, serves the purpose of informing this court that the district court intends to exercise that discretion.

*Ryan v. Occidental Petroleum Corp.,* 577 F.2d 298 (5th Cir. 1978).

The partial summary judgment entered October 23 was not certified pursuant to rule 54(b). On March 4, 1982 the district court indicated that its failure to certify the judgment was caused by mistake or oversight. The court then entered an amended judgment that retroactively made final the October 23 judgment.

The court purported to act pursuant to Fed.R.Civ.P. 60(a). The trustees contend that the court had the power to act under rule 60(b). Outside of the federal rules, the parties do not suggest, nor did our research reveal any rule of law that would authorize the court's actions.

■ Under rule 60(a)[3] the court may correct clerical mistakes or oversights that cause the judgment to fail to reflect what was intended at time of trial. *Warner v. City of Bay St. Louis,* 526 F.2d 1211, 1212 (5th Cir. 1976); *Pattiz v. Schwartz,* 386 F.2d 300 (8th Cir. 1968). Errors that affect substantial rights of the parties, however, are beyond the scope of rule 60(a). *Warner,* 526 F.2d at 1212. For reasons set forth below we find that the court's action was not authorized by rule 60(a).

---

**2.** Fifth Circuit cases handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

**3.** Rule 60(a) provides:

Clerical Mistakes. Clerical mistakes in judgments, orders and other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

■ The trustees argue that the district court had the power to retroactively finalize the judgment under Fed.R.Civ.P. 60(b).[4] We cannot agree. Rule 60(b) applies only to final judgments.

The October 23, 1981 judgment was interlocutory. The district court, therefore, had the power to certify the judgment as final pursuant to rule 54(b), but it did not have the power to make that certification retroactive. To hold otherwise would deprive Nickel Plate of its right to appeal. The district court and the parties may have considered the October 23 judgment to be a "final judgment," but it was not, and absent a rule 54(b) certification Nickel Plate had no right to appeal. *Ryan,* 577 F.2d 298. If the retroactive certification were allowed to stand, the instant appeal would be untimely and would have to be dismissed.[5]

The judgment of the district court is VACATED in part and REMANDED for proceedings consistent with this opinion.

**4.** Rule 60(b) states in relevant part:
Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final* judgment, order, or proceeding for the following reasons: (1) mistakes, inadvertence, surprise, or excusable neglect; ... the motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.... (emphasis added).

**5.** Fed.R.App.P. 4 provides:
(a) Appeals in Civil Cases. (1) In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from....
....
(5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.