L. A. McGINNITY, Appellant, v. M. B. DOWD, Respondent.

(182 N. W. 938.)

**Judgment — complaint attacking judgment for assault and battery occurring ten years before held to show no equity or ground for attack.**
For an assault and battery occurring ten years ago, defendant obtained a

---

NOTE.—On fraud or perjury as to physical condition resulting from injury as grounds for relief from an injunction against a judgment for personal injuries, see note in 16 A.L.R. 397.

judgment against the plaintiff for nearly $10,000. On appeal, the supreme court affirmed the judgment and *held* that the damages were not excessive. The plaintiff sues to review and cancel the judgment and to recover $10,000 for wrongfully obtaining it and trying to enforce it. *Held,* that the complaint shows no equity and no facts sufficient to sustain an attack upon the judgment.

Opinion filed May 2, 1921. Rehearing denied May 17, 1921.

Appeal from the District Court of Williams County, Honorable *K. E. Leighton,* Judge.

Affirmed.

*Paul Campbell,* for appellant.

If the original complaint was sufficient, it was reversible error to sustain the demurrer. If the proposed amended complaint was sufficient it was reversible error not to allow the amendment of the original complaint. Miller v. Nat. Elev. Co. 32 N. D. 357.

A Federal court may enjoin a personal-injury judgment rendered by a state court if it subsequently appears that the injury of which the plaintiff complained was simulated. Chicago, R. I. & P. R. Co. v. Callicotte, 267 Fed. 799.

*B. H. Bradford,* for respondent.

"When parties have exhausted every means for reversing such determination in the same proceeding, it must be regarded as final and conclusive unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy." United States v. Throckmorton, 98 U. S. 65; Re Griffith, 84 Cal. 113; Allen v. Currey, 41 Cal. 321; Greene v. Greene, 2 Gray, 363, 61 Am. Dec. 454. See also note in 13 L.R.A. p. 336; Tuttle v. Tuttle, — N. D. —, 181 N. W. 898.

ROBINSON, Ch. J. This is an appeal from a judgment entered on an order sustaining a demurrer to the complaint and from an order denying leave to serve and file an amended complaint.

The complaint avers that in January, 1913, in the district court of Williams county, in an action for an assault and battery, the defendant wrongfully and by fraud and perjury obtained a judgment against

the plaintiff for nearly $7,000; that in said action Dowd imposed on the court by falsely claiming that he was permanently injured and that his mind was permanently injured, and that after a final hearing and determination of the case by the supreme court his mind at once became normal; and that plaintiff has sustained damages to the amount of $10,000 by reason of the judgment against him, and attempts to collect the same.

As it appears, the facts in the case are these: Ten years ago, on a side street in the village of Tioga, in Williams county, the parties met. Plaintiff threw off his coat, and, with the swiftness and strength of a tiger, he sprang upon defendant, knocked him down with one blow, beat him, and pounded him against the hard, stony street so that he became and remained unconscious for an hour. He was beaten, as they say, within an inch of his life. In January, 1913, in an action for the beating, in the district court of Williams county, Dowd obtained a judgment for damages $6,550, and interest, or nearly $7,000. In April, 1915, the judgment was affirmed by the supreme court. Dowd v. McGinnity, 30 N. D. 308, 152 N. W. 524. On a review of the record and the evidence, this court held that the verdict against McGinnity was well sustained by the evidence. The testimony, as cited, shows one witness testified thus: "I first saw McGinnity lay off his coat. Dowd was standing perhaps a rod or two from him. As McGinnity dropped his coat he started to run toward Dowd. Dowd raised his arms to his face. McGinnity struck him and knocked him down. Dowd fell on his side and rolled over onto his face. McGinnity took hold of his neck and chucked his face into the street several times. Then rolled him over onto his back. Then he took hold of his neck or clothing somewhere about the neck, and raised him high enough so that his head hung from the ground a few inches and hit him in the face again. The street along there was apparently a very hard street. I was watching the case. There was no obstructions to my view. Dowd made no offer to strike McGinnity. He tried to protect his face from the blow at the time McGinnity struck him. He did not try to throw the blow aside. He made no attempt to parry the blow."

Dr. Stobie testified that he and Mr. Nesseth picked up Dowd, carried him to the doctor's office, examined him and found on him several cuts and bruises,—a cut on the lip about a quarter of an inch deep, clear

through the lip, a broken nose, an injury to the skull over the left eye. He testified Dowd remained unconscious for about an hour, and was unable to leave the hotel for about ten days. Later he went for treatment to Rochester, Minnesota.

The complaint is in the nature of a bill of review. It asks the court to review the case, to cancel the judgment and award the plaintiff $10,000 damages. Before commencing such an action the plaintiff must obtain leave of the supreme court and of the trial court, and the complaint must show that such leave has been granted. Leave to file a bill of review will not be granted unless on a showing that is both equitable and conclusive. A bill of review may be allowed by the supreme court that has affirmed a conviction for murder, when it appears that the person supposed to be murdered is alive. So, in case of a judgment for a death loss on an insurance policy, the proper court may allow a bill of review when it conclusively appears that the insured is not dead. 16 Cyc. 523–534.

Counsel for plaintiff relies on the Callicotte Case, 16 A.L.R. 386, 267 Fed. 799. In that case it was alleged and proved that at the time of the trial Callicotte, being aided by conspirators, feigned paralysis of his lower limbs and by the use of drugs produced an apparent paralysis, which could not be detected from the real paralysis. Callicotte kept himself secreted in his house so that his true condition could not be ascertained, while during the time he had the perfect use of his limbs and made use of them at will. That by such means he deceived his own doctors, whom he called as witnesses. He deceived the court and the jury. By such means he presented a false case and prevented the defendant from proving his own case. 267 Fed. 802.

This case is wholly different. In neither the complaint nor the proposed amended complaint are there any facts stated showing a conspiracy to manufacture evidence, to deceive the court, or to testify falsely. There is no showing to contradict the testimony that Dowd was beaten till he became unconscious; that his nose was broken, his lip cut, and his head injured. In short, there is no showing that the supreme court was wrong in holding that the damages were not excessive. Neither the complaint nor the amended complaint makes attempt to show the nature and extent of the injury to Dowd. True it is averred that plaintiff did not commit an assault and battery upon Dowd, and that the verdict was obtained by fraud and perjury; but that is the very matter

that has been tried and determined against the plaintiff. The complaint shows no equity. It deals merely in generalities. On matters not extraneous to the trial and the record, the court is asked to reopen the case and to try anew the assault of ten years ago, and to award plaintiff $10,000 damages.

In the Tuttle Case, — N. D. —, 181 N. W. 898, recently decided by the court, the plaintiff sought to recover $300,000, and interest for twelve years, on the ground that defendant had wrongfully obtained a judgment of divorce in a case where it was alleged the court had no jurisdiction. This court held that the judgment imported absolute verity which overcame the averments against it, and that it was not subject to such a collateral attack.

As this court holds, the trial court was right in sustaining the demurrer and in dismissing the action. Affirmed.

CHRISTIANSON, J. (concurring specially.) I concur in the disposition made of this case in the opinion prepared by Mr. Chief Justice Robinson, but I do not concur in all that is said in that opinion.

While it is well settled that equity will afford relief against a judgment obtained by means of fraud (extrinsic or collateral to the matters involved in the action in which the judgment was rendered), where the party against whom the judgment was rendered brings himself within the equitable principles justifying such relief, it is equally well settled that a party seeking such relief must show not only fraud, but "that the judgment is unjust, that he has a meritorious cause of action or defense, that he has no adequate remedy at law, and that he is not guilty of negligence or other fault." 15 Standard Proc. 320. And "the doctrine is fully established that a court of equity will not, on the application of the defendant in a judgment at law, who has had a fair opportunity to be heard upon a defense over which the court pronouncing the judgment had full jurisdiction, set aside the judgment or enjoin its enforcement simply on the ground that it was unjust, irregular, or erroneous, or because the equity court would, in deciding the same case, have come to a different conclusion." Black, Judgm. 2d ed. § 367. Where equitable relief is sought against a judgment, the fraud must be clearly stated and proved. Black, Judgm. 2d ed. § 368. And where the party seeking relief asserts that he has become aware of certain new evidence, which he could not, with due diligence, have discovered and produced at the trial, the substance of such alleged

evidence must be set forth in the complaint in order that the court may judge whether it is of the requisite character and weight. . Black, Judgm. 2d ed. § 386. In construing the complaint, the court will take judicial notice of its records in the case in which the judgment which is assailed was rendered. Beyer v. Investor's Syndicate, ante, 358, 182 N. W. 934.

The original complaint in this case, in my opinion, wholly fails to state facts sufficient to justify equitable interference with the enforcement of the judgment. The averments therein are mere general conclusions that the defendant represented upon the trial of the former action that his mind had become deranged as a result of the injuries which he had received at the hands of the plaintiff. If the averments of the original complaint were contained in affidavits forming the basis of a motion for a new trial, they would be entitled to no consideration. While the amended complaint sets forth in greater detail the matters upon which reliance is placed, I do not believe that, when construed in the light in the principles above stated, the matters set forth in the amended complaint constitute a cause of action for equitable interference with the judgment. The undisputed fact still remains that there was an altercation between the parties to this controversy, and that, during such altercation, the defendant, Dowd, was severely beaten. That was found to be the fact in the former action, and is not denied now. In that action, it was contended by the plaintiff here that Dowd and not McGinnity was the aggressor. In the amended complaint in this case, it is averred that one Furstnow, who testified that he saw the altercation from a certain drug store, could not possibly have seen it from the place where he claimed to have been stationed. And it is further averred that "at the time of the trial, this plaintiff asked his counsel to have the jury view the premises, to wit, the said drug store and surroundings, for the purpose and with the view to meeting the testimony of the said witness Henry Furstnow, and of establishing the untruth of such testimony; and that it was a physical impossibility for said witness to be where he claimed to have been and to see the trouble between the plaintiff and opponent." An examination of the testimony of Furstnow, given upon the trial and certified to this court on appeal, shows that he was fully cross-examined as to where he stood at the time he claimed to have witnessed the altercation, and the entire transaction gone into fully. It will be noted that, according to the

amended complaint, the plaintiff was aware of the alleged falsity of Furstnow's testimony at the time it was given, and asked his counsel that the jury be asked to view the premises to the end that its falsity might be demonstrated. It does not appear that plaintiff's counsel acted on the suggestion. And for the purposes of this action it is immaterial whether counsel failed to make such request, or made it and the request was refused by the trial court. In either event it would not constitute a ground for equitable relief against the judgment. Black, Judgm. 2d ed. §§ 375, 376. If the testimony of Furstnow was so clearly and demonstrably false as it is alleged, that might and should have been submitted to the court upon the motion for a new trial. Yet, although both the plaintiff and the counsel who conducted the trial made affidavits in support of a motion for a new trial (relating to alleged newly discovered evidence), no attempt was made to present the fact (which, according to plaintiff's complaint in this case, he then knew and could readily have proven) that Furstnow had given false testimony upon the trial.

The amended complaint also avers that the defendant simulated mental derangement, and that subsequent to the affirmance of the judgment, by this court, the defendant has transacted business, and, among other things, at one time made computation of the cost of seed in connection with the adjustment of a hail loss, and at other times sold grain, and gave to the sheriff a list of certain property belonging to the plaintiff, with directions to levy execution thereon. In connection with these averments, it may be noted that, while it was contended in the former action that defendant's mind and power of speech had been impaired, there was, so far as we are aware, no contention that he had become *non compos mentis.* The action was brought and prosecuted by plaintiff in his own name, and not by a guardian, as would have been the case if he had been "of unsound mind, or from any cause mentally incompetent." See §§ 7401, 8886, 8887, Comp. Laws 1913.

BIRDZELL and BRONSON, JJ., concur.

GRACE, J. (dissenting). In the circumstances of this case, we think the court erred in making its order sustaining the demurrer, and that particularly did it err in not permitting the amendment of the complaint.