**Phyllis I. HAMILTON, Plaintiff and Appellant,**

v.

**R. Lee HAMILTON, Defendant and Appellee.**

Civ. No. 11301.

Supreme Court of North Dakota.

July 28, 1987.

Stefanson, Landberg, Plambeck & Geeslin, Moorhead, Minn., for plaintiff and appellant; argued by Randolph E. Stefanson.

John G. Shaft, and Allen J. Flaten, Grand Forks, for defendant and appellee; argued by Allen J. Flaten.

GIERKE, Justice.

Phyllis I. Hamilton (Phyllis) appeals the decision of the East Central District Court

dismissing her independent action in equity to obtain relief from judgment in an attempt to vacate portions of a divorce judgment docketed in 1982. Phyllis' former husband, R. Lee Hamilton (Lee), submitted a motion for dismissal of Phyllis' action, with prejudice, pursuant to Rule 12(b)(5) and Rule 56, N.D.R.Civ.P. The district court granted Lee's motion pursuant to Rule 12(b)(5), N.D.R.Civ.P. We reverse and remand.

## FACTS

On April 12, 1982, after twenty-two (22) years of marriage, Phyllis and Lee Hamilton were divorced. The divorce decree was granted to Lee upon default of Phyllis. The parties had originally separated in 1979 and three (3) years later, in 1982, their divorce judgment was entered in the East Central District Court of Traill County. Phyllis and Lee executed support, child custody and property settlement agreements twice in anticipation of their divorce. The first stipulation was entered into in 1979 after the parties had separated and the second was signed by both parties only days before their divorce judgment was docketed in 1982. Throughout the course of the parties' separation and divorce proceedings, Phyllis was represented by her own separate legal counsel. Phyllis' legal counsel reviewed and aided in the drafting of the property stipulations in 1979 and 1982. The second stipulation was signed by both parties and incorporated into the divorce judgment, which was docketed on April 12, 1982.

In October 1985, Phyllis commenced the action at issue in the instant case by serving a summons and complaint on Lee. In her complaint, Phyllis alleged that she was induced to sign the 1982 stipulation due to misrepresentations made by Lee, and that Lee, a practicing attorney, falsely counseled her about her rights in regard to certain marital assets and the concept of an "equitable distribution" of their marital property upon divorce. Phyllis further suggested in her complaint that Lee purposely failed to disclose some divisible marital property and advised her that other assets were not subject to division in di-

vorce proceedings. Consequently, Phyllis argues that the stipulation incorporated into the parties' 1982 divorce judgment was obtained as a result of fraud and misrepresentation and that she should be relieved from that portion of the divorce judgment which distributed the property between Lee and herself. In the instant case, Phyllis attempted to gain relief from the judgment not as a Rule 60(b), N.D.R.Civ.P., motion but in a separate legal claim traditionally referred to as an "independent action in equity to obtain relief from judgment."

Shortly after receiving Phyllis' summons and complaint, Lee made a motion to dismiss her claim, with prejudice, pursuant to Rule 12(b)(5) and Rule 56, N.D.R.Civ.P. In his brief in support of his motion for dismissal, one of Lee's contentions was that Phyllis' new claim was an impermissible collateral attack on the prior divorce judgment and, therefore, as a matter of law, she could not prevail. After considering the papers filed by both parties on Lee's motion, as well as affidavits submitted by Lee and his attorney, the district court dismissed Phyllis' claim with prejudice. In its memorandum opinion, the district court stated:

> "Although the Plaintiff, in her most recent brief addressing the issue, characterizes her action as one being brought pursuant to N.D.R.Civ.P. 60(b), this is clearly not the case. Plaintiff has instituted a new action and has not conformed her challenge to the procedure specified in Rule 60(b).... Even if the present action could be construed as a R. 60(b) motion, such a motion prosecuted on the basis of fraud must be made 'not more than one year after notice that the judgment or order was entered in the action or proceeding if the opposing party appeared, but not more than one year after a judgment by default has been entered.' Judgment was entered on April 12, 1982, and the alleged fraud was discovered on or about August 1, 1985. Plaintiff is clearly out of time by the plain words of the statute and has not pointed this Court to any 'discovery' rule which would apply to this situation. Al-

though R. 60(b) allows independent actions, it does not sanction collateral attacks on a final judgment." [Citations omitted.]

As is evident from its memorandum opinion, the district court ruled that Phyllis' independent action in equity to obtain relief from judgment was not a Rule 60(b), N.D.R.Civ.P., motion for relief from judgment but was an impermissible collateral attack on the parties' original divorce decree. Similarly, the district court held that even if Phyllis' claim was a Rule 60(b), N.D.R.Civ.P., motion, it could not be prosecuted because it was based on fraud and over three years had passed since the Hamiltons' divorce had been docketed. The district court held, as a matter of law, that Phyllis' independent action was precluded by law and, therefore, not actionable. Accordingly, the district court dismissed Phyllis' claim.

Because the district court ruled, as a matter of law, that Phyllis' claim was a collateral attack on the parties' 1982 divorce judgment and not actionable, our standard of review is that generally utilized by this Court when considering questions of law. In other words, the determination of the district court is fully reviewable on appeal.

### ISSUES

In the instant case, there are two (2) issues necessary for the proper disposition of the appeal. These issues are: (1) an analysis of North Dakota law and the existence or non-existence of an "independent action in equity to obtain relief from judgment", which is separate and apart from the motion procedure embodied in Rule 60(b), N.D.R.Civ.P., and would permit Phyllis to pursue her claim and obtain relief from the property division portion of the 1982 divorce judgment; and (2) a consideration of whether an independent action in equity to obtain relief from judgment is an impermissible collateral attack on the previous judgment and, therefore, not sanctioned under North Dakota law.

### I.

Our analysis of Phyllis' assertion that an "independent action in equity to obtain relief from judgment" exists in North Dakota necessitates a review of Rule 60(b), N.D.R.Civ.P., and those methods a party could utilize to attain relief from judgment which were in force prior to the adoption of the North Dakota Rules of Civil Procedure. It is important to understand that Rule 60(b), N.D.R.Civ.P., as with all other methods provided by law permitting a party to obtain relief from a duly entered judgment, requires a court to balance the concept of *res judicata* and the very strong public policy concern for the finality of judgments against the desire to do justice. *Kuehl v. Lippert*, 401 N.W.2d 523, 524 (N.D.1987). Additionally, when a judgment is entered after default by one of the parties, a court must bear in mind that a party should be given a reasonable opportunity to litigate his claim or defense on the merits. *First Federal Savings and Loan Association of Bismarck v. Hulm*, 328 N.W.2d 837, 840 (N.D.1982) ("This Court has consistently followed a policy of liberally construing Rule 60[b], N.D.R.Civ.P., for purposes of vacating a default judgment to permit a case to be heard and decided on its merits.").

### A.

The North Dakota Rules of Civil Procedure were promulgated pursuant to order of the North Dakota Supreme Court and adopted after proceedings held pursuant to §§ 27–02–09, 27–02–11, and 27–02–13, N.D.C.C.[1] The North Dakota Supreme Court was authorized to compile procedural guidelines in accordance with certain enabling statutes enacted by the legislative assembly which empowered this Court to make rules of pleading, practice and procedure it deemed necessary for the administration of justice in all civil and criminal

1. Actually, proceedings were held pursuant to corresponding provisions of the North Dakota Revised Code of 1943, as amended (1957 Supp.). *See*, Sections 27–0209, 27–0211, and 27–0213, N.D.R.C. of 1943, as amended. These provisions were codified in the North Dakota Century Code as §§ 27–02–09, 27–02–11, and 27–02–13, N.D.C.C.

actions, remedies and proceedings, in any and all courts of the State of North Dakota. *Satrom v. City of Grand Forks,* 150 N.W.2d 700, 705 (N.D.1967) (Teigen, C.J., dissenting). *See* Sections 27–02–07 through 27–02–15, N.D.C.C.[2] These statutory provisions maintained that all statutes relating to procedure in criminal and civil actions enacted by the legislative assembly shall have force and effect *only* as rules of the courts, and shall remain in effect unless and until amended or altered by further rules adopted by the Supreme Court. *Satrom, supra,* at 706 (Teigen, C.J., dissenting). These statutes provided a detailed procedure to follow when the Supreme Court promulgated its practice rules. It was pursuant to these statutes that the North Dakota Supreme Court adopted the North Dakota Rules of Civil Procedure, effective July 1, 1957. *Satrom, supra,* at 706 (Teigen, C.J., dissenting). *See also* Rule 86, N.D.R.Civ.P.

It is now recognized in the Constitution of North Dakota that the North Dakota Supreme Court has the authority to promulgate rules of procedure to be followed by the courts of our State.[3] *Production Credit Association of Mandan v. Olson,* 280 N.W.2d 920, 927 (N.D.1979); *see also* Sections 27–02–07 through 27–02–15, N.D.C.C. Rule 60, N.D.R.Civ.P., is one of the rules which has been promulgated by this Court.

Rule 60, N.D.R.Civ.P., provides:

"RULE 60. RELIEF FROM JUDGMENT OR ORDER

"(a) *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversights or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the Supreme Court, and thereafter while the appeal is pending may be so corrected with leave of the Supreme Court.

"(b) *Mistakes—Inadvertence—Excusable Neglect—Newly Discovered Evidence—Fraud—Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (vi) any other reason justifying relief from the operation of the judgment. The motion must be made within a reasonable time, and for reasons (i), (ii), and (iii) not more than one year after notice that the judgment or order was entered in the action or proceeding if the opposing party appeared, but not more than one year after a judgment by default has been entered. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from any appellate court except while an appeal from the judgment is actually pending before that court. *This rule does not limit the power of a court to entertain an independent action to relieve a*

---

2. Again, these statutory provisions were codified as Sections 27–0207 through 27–0215, N.D.R.C. of 1943, as amended (1957 Supp.). Sections 27–02–11 through 27–02–15, N.D.C.C., were repealed by the State Legislature in 1981. *See* 1981 N.D.Sess. Laws, ch. 317, § 1.

3. Article VI, Section 3 of the North Dakota Constitution provides, in part:

"The supreme court shall have authority to promulgate rules of procedure, including appellate procedure, to be followed by all the courts of this state; and, unless otherwise provided by law, to promulgate rules and regulations for the admission to practice, conduct, disciplining, and disbarment of attorneys at law." N.D. Const. art. VI, § 3.

*party from a judgment, order, or proceeding,* or to grant relief to a defendant not actually personally notified as provided in Rule 4(e)(7), or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment must be by motion as prescribed in these rules *or by an independent action."* [Emphasis added.]

Rule 60, N.D.R.Civ.P., is nearly identical to Rule 60 of the Federal Rules of Civil Procedure, adapted to practice before the courts of North Dakota. *See* Rule 1, N.D.R.Civ.P. (Explanatory note). Because of its similarity to the federal rule, interpretations by the federal courts, while not mandatory, are highly persuasive and we are guided by them. Rule 1, N.D.R.Civ.P. (Explanatory note); *see also, e.g., Unemployment Compensation Division v. Bjornsrud,* 261 N.W.2d 396, 398 (N.D.1977).

Generally, Rule 60, N.D.R.Civ.P., provides parties and the courts with the means of correcting clerical mistakes in judgments, orders, or other parts of a record where errors arising from oversights or omissions have occurred [*see* Rule 60(a), N.D.R.Civ.P.], and establishes the procedural guidelines which must be followed in order for a party to procure relief from a judgment or order [*see* Rule 60(b), N.D.R. Civ.P.]. An examination of Rule 60(b), N.D.R.Civ.P., reveals the embodiment of four (4) distinct, but interrelated, component provisions of the rule of which parties need to be cognizant when attempting to gain relief from a final judgment or order. Basically, Rule 60(b), N.D.R.Civ.P., provides a comprehensive motion procedure for obtaining relief from judgment by utilizing six (6) various rationales for that relief; establishes temporal limitations for moving for relief from a final judgment or order; considers the practical effects a motion under the rule has on judgments and appeals from judgments; and, most relevant to the instant action, recognizes three (3) traditional means utilized by the courts when granting relief from a final judgment (generally referred to as the "savings clauses"), while specifically abolishing the uncertainties and historical limitations of the ancient, common law remedies in existence prior to adoption of Rule 60(b). Rule 60(b), N.D.R.Civ.P.

Initially, we recognize that a motion made pursuant to Rule 60(b) provides relief from judgment: (1) for mistake, inadvertence, surprise or excusable neglect; (2) for newly discovered evidence which could not have been discovered in time to move for a new trial; (3) for fraud, misrepresentation, or other misconduct of an adverse party; (4) if the judgment is void; (5) if the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) for any other reason justifying relief from the operation of the judgment. Rule 60(b)(i-vi), N.D.R.Civ.P. A Rule 60(b), N.D.R.Civ.P., motion must be as prescribed by the rules and must be initiated within a reasonable time. Rule 60(b), N.D.R.Civ.P. However, if brought for the reasons of mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; or fraud, misrepresentation or misconduct of an adverse party, the Rule 60(b), N.D.R.Civ.P., motion must be made not more than one year after the judgment by default is entered. Rule 60(b), N.D.R.Civ.P.

Additionally, Rule 60(b), N.D.R.Civ.P., provides that a motion for relief from judgment does not affect the finality of judgment or suspend the operation of the judgment. Rule 60(b), N.D.R.Civ.P. Similarly, a party need not obtain leave from this Court to make a Rule 60(b), N.D.R.Civ.P., motion unless an appeal from that judgment is pending before the Court. Rule 60(b), N.D.R.Civ.P.

Finally, while specifically abolishing the ancient common law writs of *coram nobis, coram vobis, audita querela,* and bills of review and bills in the nature of a bill in review, Rule 60(b), N.D.R.Civ.P., "saves" three (3) additional means a court can grant a party relief from judgment. The savings clauses include: (1) permitting a court to

grant relief to a party not notified pursuant to Rule 4(e)(7), N.D.R.Civ.P.; (2) setting aside judgment for fraud on the court; and (3) recognizing the power of the court to entertain an independent action to relieve a party from a judgment, order, or proceeding. Rule 60(b), N.D.R.Civ.P. While a party seeking relief from judgment is required to follow the motion procedure established by the rules for most of the forms of relief contained in Rule 60(b), N.D.R.Civ.P., this procedural stricture is specifically not applicable to an independent action in equity to relieve a party from a judgment, order, or proceeding.[4] Rule 60(b), N.D.R.Civ.P.

### B.

Rule 60(b), F.R.Civ.P., providing a party relief from judgment, was designed to remove the uncertainties and historical limitations of the ancient remedies "shrouded in ancient lore and mystery" while preserving all of the various types of relief they afforded. Advisory Committee Note to 1948 amendment of Rule 60(b), 5 F.R.D. 433, 477–80.[5] This attempt to remove the confusion endemic with the common law methods permitting a party to procure relief from judgment is exemplified by the express abolishment of ancillary remedies such as *coram nobis, coram vobis, audita querela* and bills of review and bills in the nature of a bill in review. Rule 60(b), F.R.Civ.P. However, there remains embodied within Rule 60(b) remnants of the traditional equitable powers of the courts, through the "savings" clauses, to effect relief from a judgment in a number of ways, including the ability to entertain an independent action in equity to enjoin enforcement of or to otherwise obtain relief from judgment. Advisory Committee Note, *supra*, 5 F.R.D. at 478; 11 C. Wright & A. Miller, Federal Practice and Procedure, Civil § 2868 (1973 & Supp. 1986); 7 Moore's Federal Practice ¶ 60.31, ¶ 60.36–60.37 (2d ed. 1985). While specifically abolishing the antiquated common law remedies, Rule 60(b) concisely reflects the court's power over final judgments both at law *and in equity. Id.* Rule 60(b) of the Federal Rules of Civil Procedure was

**4.** At this juncture, we must distinguish between that action we will refer to as an "independent action in equity to obtain relief from judgment" and the generic label "independent action."

The "independent action" label has, generally, been used in conjunction with the vacation or modification of judgment when discussing a separate action initiated outside and separate from any previous judgment and attempting to attack the merits of the prior decision. Such "independent actions" are usually collateral attacks on a previous judgment and it is axiomatic that these actions are impermissible as a matter of law and cannot be entertained by the court. *See, e.g., Gruebele v. Gruebele,* 338 N.W.2d 805 (N.D.1983); *Harchenko v. Harchenko,* 77 N.D. 289, 43 N.W.2d 200 (1950).

However, any general reference to an "independent action" must be distinguished from an "independent action in equity to obtain relief from judgment." An "independent action in equity to obtain relief from judgment" is a general recognition of the equitable powers of a court to entertain an independent action to enjoin the enforcement of, or otherwise procure relief from, a judgment on whatever basis chancery would afford relief. 7 Moore's Federal Practice ¶ 60.12 (2d ed. 1985). An independent action in equity to obtain relief from judgment is a *separate legal claim* and Rule 60(b), N.D.R. Civ.P., recognizes that ancillary equitable remedies for obtaining relief from judgment were

*not* superseded by the provisions of the rule. 7 Moore's Federal Practice ¶ 60.10 (2d ed. 1985).

The original jurisdiction of chancery to relieve a party from judgment was not impaired by the adoption of the procedural recognition in Rule 60(b), N.D.R.Civ.P. In fact, it was specifically "saved" and preserves the court's power to entertain such claims if previously recognized under "established doctrine." Advisory Committee Note to 1948 amendment of Rule 60(b), 5 F.R.D. 433, 479. This claim has historically been known simply as "an independent action in equity to obtain relief from judgment" and is not an affirmative grant of power, nor does it operate to vacate or annul a judgment. The independent action in equity to obtain relief from judgment is a separate legal claim which merely permits continuation of whatever power the court would have had to entertain an independent action if Rule 60(b), N.D.R.Civ.P., had never been adopted, thereby denying a party who obtained judgment through fraud, misrepresentation, accident, or mistake the benefits of that judgment.

**5.** "Few except legal historians will understand clearly what it is that was abolished, but those who do understand are grateful for what was done." 11 Wright and Miller, Federal Practice and Procedure, Civil § 2867 (1973 & Supp. 1986).

adopted in North Dakota, with minor changes, in 1957. Rule 86, N.D.R.Civ.P.

From an early period in the history of the common law, the courts of chancery, on certain grounds, exercised the right to enjoin enforcement of judgments entered in the courts of law. *Kitzman v. Minnesota Thresher Manufacturing Company,* 10 N.D. 26, 27, 84 N.W. 585, 586 (1900). Equity also restrained enforcement of common law judgments on other grounds, particularly in those instances where facts alleged in a complaint revealed that a party had a valid equitable defense to the action at law, but which defense, under the strict rules which governed at law, could not be pled in the common law courts. *Kitzman, supra,* 84 N.W. at 586–87. The grounds upon which equity could be imposed were not very numerous and the jurisdiction of the courts of chancery arose long before modern statutes and certainly prior to the adoption of the codes of civil procedure. *Kitzman, supra.*

Under Rule 60(b), F.R.Civ.P., a party is afforded a remedy by motion as a means of relief from judgment which, prior to the adoption of the rules of civil procedure, could be obtained only through common law writs, bills of review, and other equitable means. Advisory Committee Note, 5 F.R.D. at 478–79; 11 Wright & Miller, *supra,* § 2868; 7 Moore's Federal Practice,

*supra,* ¶ 60.31. Prior to 1957, when North Dakota adopted its version of the Federal Rules of Civil Procedure, our courts were guided by previous codes of civil procedure. These codes had been in effect since the time of the first Legislative Assembly of the Territory of Dakota in 1862. *See* Clement A. Lounsberry, *North Dakota: History and People,* Vol. I, pp. 437–443 (S.J. Clarke Pub. Co. 1917). In accordance with these original codes and through case law developed by the courts, the methods for obtaining relief from judgment were controlled by a motion procedure that could be utilized only under certain circumstances and through other traditionally recognized means of obtaining relief. North Dakota has a long, historical legacy recognizing many means, both legal and equitable, of granting parties relief from judgment. This legacy is reflected in Rule 60(b), N.D. R.Civ.P.

### C.

North Dakota has a long and distinguished relationship with codified provisions permitting a party the means of achieving relief from judgment. Lounsberry, *North Dakota: History and People, supra,* at 437. This relationship dates back to the inception of the Territory of Dakota and the first Territorial Assembly in 1862.[6]

---

**6.** In 1862, in the Code of Civil Procedure of the Territory of Dakota, the first codified measures for obtaining relief from judgment were promulgated. These provisions reveal that a party could obtain relief from judgment upon motion to the court. The code revealed:

"PROCEEDINGS TO REVERSE, VACATE, OR MODIFY JUDGMENTS AND ORDERS IN THE COURTS IN WHICH THEY ARE RENDERED.

"SECT. 538. A district court shall have power to vacate, or modify its own judgments or orders, after the term at which such judgment or order was made: 1. By granting a new trial for the cause, within the time and in the manner prescribed in section two hundred and ninety-eight. 2. By a new trial granted in proceedings against defendants constructively summoned, as provided in section sixty-seven. 3. For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order. 4. For fraud practiced by the successful party in obtaining the judgment or order. 5. For erroneous proceedings against an infant, married woman,

or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings. 6. For death of one of the parties before the judgment in the action. 7. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending. 8. For errors in a judgment shown by an infant in twelve months after arriving at full age, as prescribed in section three hundred and ninety-seven. 9. For taking judgments upon warrants of attorney, for more than was due to the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.

\* \* \* \* \* \*

"SECT. 540. The proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining a judgment or order, shall be by motion, upon reasonable notice to the adverse party or his attorney in the action. The motion to vacate a judgment because of its rendition before the action regularly stood for trial, can be made only in the first three days of the succeeding term.

The early codified procedure of 1862 was very involved and reflected the complications and anomalies that had evolved at common law. *See, supra,* n. 6. By 1867, the Territorial Assembly had enacted the procedural guidelines providing a party relief from judgment that remained in effect, substantially unchanged, until 1957, when the North Dakota Supreme Court adopted the North Dakota Rules of Civil Procedure.[7]

In addition to these codified measures, the courts, under certain circumstances, have historically turned to other means outside of the codes of civil procedure to open or set aside judgments. Accordingly, in the appropriate situation, the Supreme Court of North Dakota has recognized *an inherent power* to vacate judgments in cases in which, "[j]ustice to all parties demands that that shining light of truth be turned upon this case." *Yorke v. Yorke,* 3 N.D. 343, 351, 55 N.W. 1095, 1099 (1893).

\* \* \* \* \* \*

"SECT. 542. A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defence to the action in which the judgment is rendered; or if the plaintiff seeks its vacation, that there is a valid cause of action; and where a judgment is modified, all liens and sureties obtained under it, shall be preserved to the modified judgment.

\* \* \* \* \* \*

"SECT. 545. Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions four, five, and seven of section five hundred and thirty-eight, must be commenced within two years after the judgment was rendered or order made, unless the party entitled thereto be an infant, married woman, or person of unsound mind, and then within two years after removal of such disability. Proceedings for the causes mentioned in subdivisions three and six of the same action, shall be within three years, and in subdivision nine within one year after the defendant has notice of the judgment."

Laws of Dakota, Chap. VIII, §§ 538, 540, 542, 545 (1st Sess. 1862).

7. The 1867 Code of Civil Procedure was taken from a code adopted in New York in 1849. The New York Code of Civil Procedure was called "... the parent of most of our modern codes on the subject." Clement A. Lounsberry, *North Dakota: History and People,* Vol. I, p. 437 (S.J. Clarke Pub. Co. 1917). The provisions granting a party relief from judgment revealed:

The inherent power of a court, in the interest of justice, to vacate or grant a party relief from judgment, has consistently been recognized in North Dakota. *See, Yorke,* 55 N.W. at 1099; *Citizens State Bank of Selfridge v. Smeland,* 48 N.D. 466, 470, 184 N.W. 987, 988 (1921) (proper practice would have been to seek court's use of its inherent powers); *Lamb v. King,* 70 N.D. 469, 473, 296 N.W. 185, 187 (1941) (courts have inherent power to vacate judgments); *see also In Re Braun,* 145 N.W.2d 482, 484-85 (N.D.1966) (construing Rule 60[b][vi], N.D.R.Civ.P., as broad enough to give courts ample power to vacate judgments in the interest of justice).

In addition to a court's inherent power to vacate judgments, early case law established the principle that courts of general jurisdiction possessed, *ex necessitate,* the power to emancipate themselves from the effects of *fraud practiced upon them* and expunge their records of judgments ob-

"Sec. 127. *Relief in case of mistake.* The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this act, or, by an order, enlarge such time; *and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding;* and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this code, the court may, in like manner, and upon like terms, permit an amendment of such proceeding, so as to make it conformable thereto." Session Laws, Territory of Dakota, Chap. 1, Title VI, Chap. VI, § 127 (1867) (Emphasis added.).

This provision remained in effect without significant change until 1957 and the adoption of the North Dakota Rules of Civil Procedure. *See* Revised Codes of Dakota, Code of Civil Procedure, Chap. X, § 143 (1883); Compiled Laws of Dakota, Code of Civil Procedure, Chap. 10, art. 6, § 4939 (1887); Revised Codes of North Dakota, Code of Civil Procedure, Chap. 8, art. 6, § 5298 (1895); Revised Codes of North Dakota, Code of Civil Procedure, Chap. 8, art. 6, § 5298 (1899); Revised Codes of North Dakota, Code of Civil Procedure, Chap. 8, art. 6, § 6884 (1905); Compiled Laws of North Dakota, Code of Civil Procedure, Chap. 8, art. 6, § 7483 (1913); North Dakota Revised Code of 1943, Title 28, Chap. 28-29, § 28-2901 (1943).

tained through fraud and deception. *Yorke*, 55 N.W. at 1098; *Freeman v. Wood*, 11 N.D. 1, 7, 88 N.W. 721, 723 (1901); *Lamb v. King*, 296 N.W. at 187; *see also* 11 Wright & Miller, *supra*, § 2868; 7 Moore's Federal Practice, *supra*, ¶ 60.33. It is clear that North Dakota recognized the power of a court to grant relief to a party for a judgment procured by fraud upon the court.

Along with the court's inherent power to vacate judgments in the interest of justice and recognition of the power to vacate a judgment obtained through fraud upon the court, our review of the case law decided by this Court prior to the adoption of Rule 60 of the North Dakota Rules of Civil Procedure reveals that this Court recognized the existence of an independent action in equity to obtain relief from judgment.

#### D.

That an independent action in equity to obtain relief from judgment existed in North Dakota prior to adopting the Rules of Civil Procedure in 1957 is beyond question. *See Kitzman v. Minnesota Thresher Manufacturing Company*, 10 N.D. 26, 27, 84 N.W. 585, 586 (1900) (independent action existed long anterior to code of civil procedure); *Citizens State Bank of Selfridge v. Smeland*, 48 N.D. 466, 470, 184 N.W. 987, 988 (1921) (equitable action to vacate and annul a void judgment); *McGinnity v. Dowd*, 47 N.D. 554, 558–59, 182 N.W. 938, 940 (1921) (Christianson, J., concurring specially) (it is well settled that equity affords relief from a judgment obtained by means of fraud); *Warren v. Resaake*, 54 N.D. 65, 69, 208 N.W. 564, 566 (1926) (court required a party to resort to his remedy for relief from judgment by independent action in equity); *Tuttle v. Tuttle*, 48 N.D. 10, 17, 181 N.W. 898, 900 (1921) (in a proper case, a party aggrieved by a judgment may move that it be vacated or maintain a suit in equity to enjoin its enforcement). *See also* 7 Moore's Federal Practice, *supra*, ¶ 60.36–60.37; 11 Wright & Miller, *supra*, § 2868; Note, *Attacking Fraudulently Obtained Judgments in the Federal Courts*, 48 Iowa L.Rev. 398 (1963).

■ An excellent discussion of an independent action in equity to obtain relief from judgment in North Dakota case law is found in a special concurrence submitted by Justice Christianson, in which he was joined by two other judges, in *McGinnity v. Dowd, supra*, 182 N.W. at 940. Justice Christianson recognized the five (5) elements of an independent action in equity to obtain relief from judgment which a party must establish in order to prevail on his claim. Judge Christianson wrote:

"While it is well settled that equity will afford relief against a judgment ... it is equally well settled that a party seeking such relief must show that not only fraud, but 'that the judgment is unjust, that he has a meritorious cause of action or defense, that he has no adequate remedy at law, and that he is not guilty of negligence or other fault.'" *McGinnity* at 940.

Therefore, in order to prevail on an independent action in equity to obtain relief from judgment, the party against whom a judgment is entered is required to establish: (1) the existence of a judgment which ought not, in equity and good conscience, be enforced; (2) a valid defense to the alleged claim upon which the judgment is founded; (3) fraud, accident or mistake which prevented a party to the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence by the party seeking relief from the judgment; and (5) no adequate remedy at law. *McGinnity, supra; See also National Surety Company v. State*, 120 F. 593 (8th Cir.1903); *Bankers Mortgage Company v. United States*, 423 F.2d 73 (5th Cir.1970), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970). Accordingly, if these five (5) elements could be established, a party could prevail on an independent action in equity to obtain relief from judgment, despite the procedural limitations embodied in the court rules and the other recognized means of providing a party relief from judgment.

■ In construing the principles applicable to an independent action in equity to obtain relief from judgment, the early case

law reveals that, as an "elementary" consideration before entertaining an independent action in equity to obtain relief from judgment, the party seeking relief was required to exhaust all his remedies at law. *Kitzman, supra,* 84 N.W. at 586; *Smeland, supra,* 184 N.W. at 987; *Resaake, supra,* 208 N.W. at 566. Similarly, where a party should have brought a motion under the code of civil procedure for relief from judgment (*see Kitzman, supra,* 84 N.W. at 586) or a party could have properly asked the court to invoke its inherent powers to vacate a judgment (*see Smeland, supra,* 184 N.W. at 987), the court could not entertain an independent action. Conversely, where a party seeks relief from judgment by motion but does not meet the mandates of the procedural rules, his appropriate remedy is maintained through an equitable action for relief from that judgment. *Resaake, supra,* 208 N.W. at 566.

A few additional principles regarding an independent action in equity to obtain relief from judgment reflected in the case law of North Dakota include: although the most common ground for an independent action is fraud, a claim could also be predicated on the basis of mistake or accident; a court could not entertain an independent action in equity to vacate a judgment in a case where the party seeking relief had a fair opportunity to be heard on a defense over which the court had jurisdiction; the court could not set aside a judgment simply because it is unjust, irregular, or erroneous; and the court could not relieve a party from judgment simply because the court, reviewing a judgment through an independent action in equity, would have come to a different conclusion. *See McGinnity,* 182 N.W. at 940 (Christianson, J., concurring specially). While North Dakota unquestionably recognized the existence of an independent action in equity to obtain relief from judgment *prior* to the adoption of the Rules of Civil Procedure in 1957, we must now consider the effect, if any, the new rules of procedure had on these principles and the power of our courts to entertain an independent action in equity to obtain relief from judgment.

### E.

Importantly, we believe that the adoption of the North Dakota Rules of Civil Procedure has not resulted in any significant changes in the law of North Dakota, providing a party relief from judgment, as it existed prior to 1957. The primary considerations involved in granting a party relief from judgment, i.e., balancing the public policy concern for finality of judgments against the desire to do justice, remains as important today as it did prior to the adoption of Rule 60, N.D.R.Civ.P. A review of the history of the methods available to a party in order to obtain relief from judgment explains why no significant changes have occurred. Clearly, it is due to the fact that a code of civil procedure, providing a comprehensive motion procedure for relief from judgment, has always been in existence in North Dakota. Therefore, by adopting Rule 60 of the North Dakota Rules of Civil Procedure, North Dakota did not experience any radical changes in its procedures for providing a party relief from judgment because a motion procedure substantially similar to that presented in Rule 60 was already in place and had been for nearly a century. *See, supra,* n. 6. If anything, Rule 60, N.D.R.Civ.P., is more expansive than the procedural guidelines in existence prior to that time. As a result of the embellished motion procedure, reliance and emphasis was diverted from the other means recognized by the courts when a party was seeking relief from judgment. This is not to say that these procedures were abolished by the adoption of Rule 60, N.D.R.Civ.P., however.

In fact, the comprehensive motion procedure presented in Rule 60, N.D.R.Civ.P., has made it generally unnecessary for parties to use the common law principles recognized by our courts. For example, Rule 60(b), N.D.R.Civ.P., has expanded the grounds for bringing a motion from the traditional "mistake, inadvertence, surprise and excusable neglect" rationales presented in the previous code by providing five (5) additional grounds upon which a party may base a motion for relief from judgment. Rule 60(b)(ii-vi), N.D.R.Civ.P. The addition

of these expanded grounds decreased the need for individuals to ask the court to invoke its inherent power to vacate judgments in the interest of justice when fraud or newly discovered evidence was presented. Similarly, subsection (vi) of Rule 60(b), N.D.R.Civ.P., has been broadly construed as a grant of ample power to a court to vacate judgments in the interest of justice. *See In re Braun,* 145 N.W.2d 482, 484–85 (N.D.1966); Rule 60(b)(vi), N.D.R.Civ.P. Although such broad construction has lessened the significance of the court's inherent power to vacate judgments, this does not mean that it no longer exists and could not be invoked by a court under the appropriate circumstances to grant a party relief from judgment.

In addition to the motion procedure available to a party seeking relief from judgment, Rule 60(b), N.D.R.Civ.P., "saves" three (3) methods the court can utilize to grant a party relief from judgment. Therefore, the power of a court to grant relief from a judgment procured through *fraud upon the court* can still be utilized in North Dakota by the express language presented in Rule 60(b), N.D.R.Civ.P. ("This rule does not limit the power of a court ... to set aside a judgment for fraud upon the court.") *See also Yorke, supra,* 55 N.W. at 1098; *Freeman, supra,* 88 N.W. at 723; *Lamb, supra,* 296 N.W. at 187. Significantly, Rule 60(b), N.D.R. Civ.P., also contains an express savings clause permitting the court to entertain an independent action in equity to obtain relief from judgment. Rule 60(b), N.D.R.Civ.P.

While abolishing many of the common law writs and bills permitting a party the opportunity to obtain relief from judgment, Rule 60(b), N.D.R.Civ.P., expressly preserves the power of the court, "... to entertain an independent action to relieve a party from a judgment, order, or proceeding, .." and permitting a party to pursue this claim in accordance with the procedure prescribed for an independent action. Rule 60(b), N.D.R.Civ.P.

It is clear that the advisory committee to the Federal Rules of Civil Procedure preserved the power of the courts to entertain an independent action in equity to obtain relief from judgment in those unusual and exceptional cases which could not be generically "plugged in" to any of the relief provisions encompassed by the comprehensive motion procedure presented by Rule 60(b). *See* Advisory Committee Note to 1948 amendment to Rule 60(b), 5 F.R.D. 433, 479; *also* 11 Wright & Miller, *supra,* § 2868; 7 Moore's Federal Practice, *supra,* ¶ 60.31.

This power to entertain an independent action in equity to obtain relief from judgment is available only if the court could have entertained an independent action in equity prior to the adoption of Rule 60(b). *See* Advisory Committee Note, *supra,* at 479; 11 Wright & Miller, § 2868. In other words, this "savings" provision in Rule 60(b) is not an affirmative grant of power to the court, only a recognition that the court's antecedent powers, prior to the adoption of the Rules of Civil Procedure, may still be utilized if an independent action in equity for relief from judgment existed as established doctrine in the law of the jurisdiction in which the rule was adopted. *See* 11 Wright & Miller, *supra,* § 2868. Therefore, even though the need for the courts to utilize this power in North Dakota has been reduced, we believe that, because an independent action in equity to obtain relief from judgment existed in North Dakota prior to the adoption of the North Dakota Rules of Civil Procedure in 1957, in those unusual and exceptional circumstances in which a party may not avail himself of the motion procedure presented in Rule 60(b), N.D.R.Civ.P., the independent action to obtain relief from judgment can be invoked by the party in an attempt to gain relief from judgment.[8]

---

8. North Dakota is not alone in recognizing this carry-over of the independent action in equity to obtain relief from judgment. What follows is only a handful of cases which has recognized the existence of an independent action in spite of having adopted a provision very similar to Rule 60(b) of the Federal Rules of Civil Procedure and Rule 60(b) of the North Dakota Rules of Civil Procedure. *Clark v. Dubuc,* 486 A.2d 603, 604-05 (R.I. 1985) (Trial justice was correct in his determination that defendant was entitled to relief on the basis that an independent action

In those situations in which the grounds for relief incorporated in Rule 60(b), N.D.R. Civ.P., prove unhelpful, the independent action in equity to obtain relief from judgment may afford a party the only relief from a blatantly unjust judgment. Accordingly, we disagree with the district court's narrow interpretation of Rule 60(b) and hold that, pursuant to North Dakota case law and the analysis presented, *supra,* Phyllis should have been permitted to challenge her 1982 divorce judgment through an independent action in equity to obtain relief from judgment.

## II.

Having found the existence of an independent action in equity to obtain relief from judgment in North Dakota prior to the adoption of the Rules of Civil Procedure and that Phyllis should be permitted to pursue her claim for relief from the 1982 divorce judgment, we turn now to the district court's holding that Phyllis' independent action is a collateral attack on the 1982 judgment and is not sanctioned under North Dakota law. The district court found that Phyllis' independent action in equity to obtain relief from judgment was in the nature of a collateral attack on the parties' divorce judgment and, as such, was impermissible at law and could not be sus-

tained. The district court ruled, as a matter of law, that because Phyllis initiated a collateral attack on the parties' 1982 divorce judgment in the form of an independent action there was no actionable claim. Therefore, the district court granted Lee's motion for dismissal since Phyllis failed to state a claim upon which relief could be granted. The district court never reached the merits of Phyllis' independent action in equity to obtain relief from judgment and did not consider any of the other issues raised by Lee in his Rule 12(b)(5), N.D.R. Civ.P., motion.

The issue before us is quite narrow and we need only consider whether an independent action in equity to obtain relief from judgment is a collateral attack on a previous judgment and, therefore, an impermissible attack on that judgment.

Lee cites numerous cases supporting his position that Phyllis' independent action in equity to obtain relief from judgment is a collateral attack on the parties' 1982 divorce decree. A review of these cases and Lee's argument reveals that Lee misses the distinction between a *direct attack* on a judgment and a *collateral attack* on a judgment.

 It is axiomatic that a judgment imports absolute verity and is not subject

is not bound by the one-year limitation imposed on Rule 60[b] ); *N.C. v. W.R.C.,* 317 S.E.2d 793, 796 (W.Va. 1984) (In addition to a motion for relief from a final judgment, order, or proceeding, a party may obtain relief from judgment, order, or proceeding through an independent action); *J.C. v. M.L.C.,* 668 P.2d 1351, 1352 (Alaska 1983) (An independent action for relief from judgment may be maintained, however, such an action must be initiated independently and cannot be brought as a Rule 60[b] proceeding); *St. Pierre v. Edmonds,* 645 P.2d 615, 617–18 (Utah 1982) (Rule authorizing trial court to relieve party from final judgment or decree by motion does not limit power of court to entertain independent common law action to set aside the judgment); *Johnson v. St. Paul Insurance Companies,* 305 N.W.2d 571, 573 (Minn. 1981) (Court's resort to an independent action to relieve a party from judgment is available rarely, and then only under unusual circumstances); *Perper v. Pima County,* 123 Ariz. 439, 441, 600 P.2d 52, 54 (1979) (An independent action to set aside a judgment can be maintained only under unusual and exceptional circumstances and should not be made the vehicle

for relitigation of issues); *Anderson v. State, Department of Highways,* 584 P.2d 537, 539–40 (Alaska 1978) (The savings clause preserves the trial court's power to entertain an independent action in equity to obtain relief from judgment "only under unusual and exceptional circumstances" and is not intended to permit relitigation of issues finally determined in another action involving the same parties); *Jerkins v. McKinney,* 533 S.W.2d 275, 280 (Tenn. 1976) (Rule 60, Tenn.R.Civ.P., provides two types of procedure to a party attempting to gain relief from judgment, i.e. motion and independent suit); *Allen v. Cole Realty, Inc.,* 325 A.2d 19, 23 (Me. 1974) (The "independent action" should take the form prescribed by the rules of civil procedure for a civil action, resting on principles derived from the law of equity); *Dunham v. First National Bank in Sioux Falls,* 86 S.D. 727, 732, 201 N.W.2d 227, 230 (1972) (South Dakota's rule granting a party relief from judgment recognizes a specific provision for an independent action not subject to the one-year period of limitations and the reasonable time requirement imposed upon motions).

to collateral attack so long as it stands. *Lamb v. King*, 296 N.W. 185, 187 (N.D. 1941); *Gruebele v. Gruebele*, 338 N.W.2d 805, 810 (N.D.1983). The judgment, until set aside, remains the measure of what was a just and proper settlement. *Harchenko v. Harchenko*, 77 N.D. 289, 293, 43 N.W.2d 200, 202 (1950). Any attempt to avoid, defeat or evade a judgment, or to deny its force and effect, in some incidental proceeding *not provided for by law*, with the express purpose of obtaining relief from that judgment is a collateral attack. 49 C.J.S. *Judgments* § 408(b) (1947 & Supp. 1986). Any attempt to impeach a judgment by matters dehors the record in an action or proceeding with an independent purpose that contemplates some other relief or result is a collateral attack on the judgment. *Olson v. Donnelly*, 70 N.D. 370, 378, 294 N.W. 666, 669 (1940).

■ "A direct attack on a judgment is an attempt to avoid or correct it in some manner provided by law, in a proceeding instituted for that very purpose, in the same action and in the same court; ..." 49 C.J.S. *Judgments* § 408(a) (1947 & Supp. 1986), *quoted in Olson v. Donnelly*, 294 N.W. at 669. "Where the element of fraud or mistake is involved in the issue it is a general rule that the attack is direct." 49 C.J.S. *Judgments* § 408(a) (1947 & Supp. 1986). Accordingly, because Phyllis' independent action in equity to obtain relief from judgment is permissible [under Rule 60(b), N.D.R.Civ.P.], as a legitimate means of providing a party relief from judgment and recognized as a permissible claim at law, it is not a collateral attack but a direct attack on the parties' divorce judgment and may not be precluded as a matter of law.

Every case cited by Lee in support of his argument that Phyllis' claim is a collateral attack on the parties' 1982 divorce judgment is distinguishable on two bases: either the party bringing the independent action was in some manner attacking issues which had been rendered *res judicata* in a prior proceeding through an action for damages, without attempting to vacate the holding in the prior judgment, or the party initiating the independent action attempted to obtain relief from the previous judgment by initiating a separate action under a different title but involving issues which had previously been decided on the merits. *See Gruebele v. Gruebele*, 338 N.W.2d at 810; *Jensen v. Schwartz*, 90 N.W.2d 716, 719 (N.D.1958); *Harchenko v. Harchenko*, *supra*, 43 N.W.2d at 202; *Lamb v. Northern Improvement Company*, 71 N.D. 481, 3 N.W.2d 77 (1942); *Lamb v. King*, *supra*, 296 N.W. at 187; *Olson v. Donnelly*, *supra*, 294 N.W. at 671; *Tuttle v. Tuttle*, *supra*, 181 N.W. at 900. Not one of the cases cited by Lee involved or construed in any manner the separate legal claim we have referred to as an "independent action in equity to obtain relief from judgment." Therefore, we hold that Phyllis' independent action in equity to obtain relief from judgment is a valid means of directly attacking a judgment and is not a collateral attack on a duly entered judgment.

### CONCLUSION

We believe the district court erred by finding, as a matter of law, that Phyllis' action was a collateral attack on the parties' 1982 divorce judgment and that she failed to state a claim for which relief could be granted. However, it is not our intention to either endorse or refute the merits of Phyllis' claim. We merely hold that she is not precluded, as a matter of law, from prosecuting her independent action in equity to obtain relief from judgment as prescribed by Rule 60(b), N.D.R.Civ.P., and the established case law of North Dakota. Therefore, we reverse the decision of the district court and remand the matter for proceedings not inconsistent with the analysis presented in this opinion.

Reversed and remanded.

ERICKSTAD, C.J., and LEVINE and MESCHKE, JJ., concur.

VANDE WALLE, J., concurs in the result.