# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 234

Jacob Ebel, John Ebel, and Ordeen Ebel,

Plaintiffs, Appellants,
and Cross-Appellees

v.

Yvonne Engelhart, as Personal Representative
of the Estate of Mark Lee Engelhardt,

Defendant and Appellee

and

Mary DePuydt d/b/a/ DePuydt Law Office,

Defendant

and

Tom Gross,

Defendant, Appellee,
and Cross-Appellant

## No. 20230116

Appeal from the District Court of McIntosh County, Southeast Judicial District, the Honorable Bradley A. Cruff, Judge.

REVERSED.

Opinion of the Court by Tufte, Justice.

Drew J. Hushka, Fargo, N.D., for plaintiffs, appellants, and cross-appellees.

James R. Maring and Ian R. McLean, Fargo, N.D., for defendant and appellee; submitted on brief.

Timothy P. Hill, Fargo, N.D., for defendant, appellee, and cross-appellant.

**Tufte, Justice.**

[¶1]   Jacob Ebel, John Ebel, and Ordeen Ebel ("the Ebels") appeal from a district court judgment dismissing their causes of action for declaratory judgment, injunctive relief, breach of contract, and tortious interference. The Ebels argue the district court misapplied the law by applying the statute of frauds when it was not specifically pled under N.D.R.Civ.P. 8. We reverse the judgment.

I

[¶2]   Yvonne Engelhart was appointed personal representative for the estate of Mark Engelhardt. Mark Engelhardt owned multiple parcels of real property in McIntosh County. The estate elected to sell the property. Engelhart provided notice of the sale, inviting interested persons to her attorney's office to submit written bids.

[¶3]   A dispute arose among the bidders regarding the winning bids. The Ebels filed a complaint seeking declaratory judgment against Engelhart and another bidder, Tom Gross, and injunctive relief against Engelhart, asserting claims of breach of contract against Engelhart and tortious interference with a contract against Gross. The Ebels argue Gross failed to submit a timely, valid bid. The Ebels seek enforcement of the contracts they claim formed when the attorney accepted their bids and declared them winners of their respective parcels.

[¶4]   After a bench trial, the district court entered an order finding the Ebels did not enter into binding and enforceable contracts with Engelhart because the parties did not satisfy the statute of frauds. The district court dismissed the Ebels' amended complaint in its entirety with prejudice. The Ebels appeal.

[¶5]   Tom Gross cross-appeals from the district court judgment, arguing the district court failed to determine whether Engelhart or her agent modified the

bidding conditions or waived any irregularities resulting in an award of the bid to Gross.

## II

[¶6] The Ebels argue the district court misapplied the statute of frauds because the statute of frauds defense was not specifically raised or argued. They argue Engelhart waived the affirmative defense of statute of frauds by failing to plead it in her answer.

[¶7] The relevant statute of frauds provision states:

> The following contracts are invalid, unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged, or by the party's agent: . . .
>> 3. An agreement . . . for the sale, of real property, or of an interest therein. Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing subscribed by the party sought to be charged.

N.D.C.C. § 9-06-04. "An agreement for the sale of real property, or of an interest therein, must generally be in writing under the statute of frauds." *Matter of Ewing*, 2023 ND 124, ¶ 16, 993 N.W.2d 358 (citing N.D.C.C. § 9-06-04(3)). The statute of frauds makes a contract for the sale of real property invalid unless it is in writing. *Lund v. Swanson*, 2021 ND 38, ¶ 9, 956 N.W.2d 354.

[¶8] The Ebels argue the district court misapplied the statute of frauds because the statute of frauds defense was not specifically raised or argued by Engelhart or Gross as required by N.D.R.Civ.P. 8(c). Rule 8(c), N.D.R.Civ.P., governing the rules of pleading, states: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of frauds[.]"

[¶9] Engelhart answered the complaint, alleging the Ebels failed to state a claim, and argued the claims are barred in whole or in part by "waiver, acquiescence, estoppel and laches" and reserved "the right to assert additional

2

affirmative defenses and avoidances available under North Dakota statute." Engelhart did not assert the affirmative defense of statute of frauds. Engelhart's answers deny "a valid contract exists."

[¶10] In a case decided in 1945, this Court explained "the statute of frauds pertaining to the sale of real estate is available as a defense under a general denial." *Brey v. Tvedt*, 74 N.D. 192, 197, 21 N.W.2d 49 (1945) (citing *Fried v. Lonski*, 48 N.D. 1023, 188 N.W. 582 (1922)). "[T]he North Dakota Supreme Court adopted the North Dakota Rules of Civil Procedure, effective July 1, 1957." *Hamilton v. Hamilton*, 410 N.W.2d 508, 511 (N.D. 1987) (explaining, "Prior to 1957, when North Dakota adopted its version of the Federal Rules of Civil Procedure, our courts were guided by previous codes of civil procedure. These codes had been in effect since the time of the first Legislative Assembly of the Territory of Dakota in 1862."); *see also* N.D.R.Civ.P. 8 (Explanatory Note) ("This rule is based on Fed.R.Civ.P. 8."). Rule 8(c), N.D.R.Civ.P., requires the statute of frauds to be specifically pled as an affirmative defense.

[¶11] Rule 8(c), N.D.R.Civ.P., adopted subsequent to our decision in *Tvedt*, abrogated *Tvedt* to the extent it allowed raising the statute of frauds as an affirmative defense through a general denial. *See* 10 Williston on Contracts § 27:9 (4th ed.) ("This traditional rule has given way to the Federal Rules and state enactments based on them, in effect in the vast majority of the states, under which the Statute of Frauds is an affirmative defense that generally must be raised in a responsive pleading."). Since the adoption of Rule 8, N.D.R.Civ.P., "[t]he statute of frauds must be specifically pleaded, and a party who fails to plead it will be deemed to have waived his right to rely upon it." *Motschman v. Bridgepoint Min. Acquisition Fund, LLC*, 2011 ND 46, ¶ 9, 795 N.W.2d 327 (citing *Baldus v. Mattern,* 93 N.W.2d 144, 151-52 (N.D. 1958); *Kadrmas v. Kadrmas,* 264 N.W.2d 892, 895 (N.D. 1978)).

[¶12] We conclude the district court misapplied the law by applying the statute of frauds when the statute of frauds was not specifically pled or otherwise raised by the parties.

## III

[¶13] We need not address the remaining issues, including those raised in the cross-appeal, because our decision on the statute of frauds is dispositive.

## IV

[¶14] We reverse the district court judgment.

[¶15] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr